UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 09-33-DCR |
| | ) | Civil Action No. 2: 12-7223-DCR |
| V. | ) | |
| | ) | |
| LAZELLE MAXWELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Lazelle Maxwell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 244] Consistent with local practice, the motion was referred to United States Magistrate Judge Robert E. Wier for consideration under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wier filed a Recommended Disposition on April 3, 2013. [Record No. 264] Based on his review of the record and the applicable law, Magistrate Judge Wier recommended that Maxwell's motion be denied. However, he also recommended that the Court grant a Certificate of Appealability regarding the second claim raised in Maxwell's § 2255 motion. The United States filed an objection to the magistrate judge's recommendation on April 17, 2013, and Maxwell filed his objections on April 30, 2013. [Record Nos. 265, 268] Having reviewed all matters relevant to Maxwell's motion, the Court concludes that the Recommended Disposition should be adopted in full. Therefore, Maxwell's motion will be denied.

## I.

Maxwell was charged on April 9, 2009 with two counts of conspiracy to distribute and possess with intent to distribute a controlled substance — namely, cocaine base (crack cocaine) and heroin — in Kenton and Campbell Counties in Kentucky. [Record No. 1] Attorney David Fessler was appointed to represent Maxwell on May 29, 2013. [Record No. 46] On June 11, 2009, the grand jury returned a Superseding Indictment, which amended the second count to specify that the conspiracy involved 100 grams or more of heroin and added two counts of forfeiture to the conspiracy charges contained in the original Indictment. [Record No. 65]

Following a six-day trial, on September 23, 2009, a jury found Defendant Maxwell guilty of conspiracy to distribute over 50 grams of cocaine base (crack cocaine) and conspiracy to distribute over 100 grams of heroin in violation of 21 U.S.C. § 846. Maxwell was later sentenced to a combined term of imprisonment of 360 months for these crimes, followed by ten years of supervised release. [Record No. 208] Specifically, Maxwell received 240 months' imprisonment for Count One and 120 months' imprisonment on Count Two, to be served consecutively. [*Id.*, p. 2] The total sentence imposed was at the bottom of the United States Sentencing Guidelines range of 360 months to life.[1] [Record No. 226, p. 15] Maxwell appealed his conviction and sentence, but the United States Court of Appeals for the Sixth Circuit affirmed the Judgment on March 18, 2011. [Record No. 233] The Supreme Court denied Maxwell's petition for a writ of certiorari on June 20, 2011. [Record No. 236]

---

1  Although Maxwell qualified as a career offender, the total offense level for the grouped counts resulted in a higher total offense level under the Guidelines. [Record No. 226, p. 15]

Maxwell filed his motion to vacate under 28 U.S.C. § 2255 on June 18, 2012. [Record No. 244] The United States responded to the motion on August 21, 2012, and Maxwell filed a reply on October 16, 2012. [Record Nos. 251, 255] On January 4, 2013, Magistrate Judge Wier ordered the United States to file a supplemental brief stating its position on: "(1) The effect, if any, of *Rutledge* on the prejudice argument previously made by the Government; and (2) The merits of Maxwell's argument concerning the separate conspiracy counts." [Record No. 259, p. 3] The United States filed this brief on January 15, 2013 and Maxwell replied on February 7, 2013. [Record Nos. 260, 261]

**II.**

The Court reviews *de novo* those portions of the Recommended Disposition to which Maxwell objects. *See* 28 U.S.C. § 636(b)(1)(C). In his § 2255 motion, Maxwell claims that his trial counsel provided ineffective assistance by failing to: (1) challenge the Superseding Indictment's open-ended beginning date for the conspiracy; (2) challenge the Superseding Indictment's charging structure; and (3) object to the testimony of two law enforcement officers.[2] [Record No. 244] Although Magistrate Judge Wier rejected all of these claims in his Recommended Disposition, Maxwell filed detailed objections to each of those conclusions. Therefore, the Court will review all three of Maxwell's claims.

Claims of ineffective assistance of counsel are evaluated using the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the defendant must first

---

[2] Maxwell's § 2255 motion also alleges that his appellate counsel was constitutionally ineffective; however, he expressly withdrew these claims on October 16, 2012. [Record No. 255, p. 2; *see* Record No. 268, p. 2]

establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. When evaluating an ineffectiveness claim, the Court "must indulge a strong presumption" that counsel rendered effective assistance. *Id.* at 689. The second prong of the *Strickland* inquiry is whether the defendant was prejudiced by his attorney's deficient performance. *Id.* at 687. To satisfy the prejudice requirement, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If either part of the *Strickland* test is not met, the Court's inquiry ends.[3] *Id.* at 697. Here, the Magistrate Judge correctly determined that Maxwell's ineffective-assistance claims fail under *Strickland*.

### A. Temporal Parameters

Counts One and Two of the Superseding Indictment state that the conspiracy occurred "[o]n a date unknown and continuing through on or about May 21, 2008." [Record No. 65] In his § 2255 motion, Maxwell claims that his trial counsel erred by not objecting "to the conspiracy counts' failure to charge a beginning date for the conspiracy." [Record No. 244, p. 10] He alleges that this failure constituted ineffective assistance of counsel because, in the absence of a defined start date, he was unable to prepare a proper defense to the charges, offer an alibi defense, or allege double jeopardy.

---

3    The Supreme Court has instructed that "there is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Magistrate Judge Wier found that Maxwell's trial counsel did not err in deciding to forgo challenging the temporal parameters of the Superseding Indictment. He noted that there is a factual disagreement between Maxwell and his counsel on this issue: "Counsel Fessler avers that the defense fully discussed the theory and opted against a baseless attack. Maxwell avers that Fessler promised to make a defensive motion and failed to do so against his wishes." [Record No. 264, p. 5] However, the magistrate judge ultimately determined that this dispute was not dispositive because the Superseding Indictment was "invulnerable to attack in this scenario." [*Id.*] Maxwell objects to this conclusion, arguing that he was denied a fair trial as a result of the Superseding Indictment's failure to allege a defined start date for the conspiracy. [Record No. 268, pp. 6-12]

An indictment is sufficient if it "'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment that fails to place the offense within any defined time frame does not meet these requirements; however, the start date need not be as specifically defined as the end date. Thus, "[c]ourts have found indictments insufficient where they are open-ended as to both beginning and end dates, but sufficient where they fix the end of the conspiracy and provide an approximate start date." *United States v. Vassar*, 346 F. App'x 17, 19-20 (6th Cir. 2009) (finding indictment sufficient where conspiracy was alleged to take place "on or before

January 1, 2004, until on or about August 24, 2005") (internal citation omitted). Thus, "an indictment that is open-ended as to beginning dates but not end dates suffices." *Id.* at 22.

In short, the failure to identify a specific start date in the indictment does not render it constitutionally deficient. Indeed, other circuits have upheld indictments using the same or similar language as that employed in the Superseding Indictment in this case. *United States v. Forrester*, 616 F.3d 929, 940-41 (9th Cir. 2010) (upholding indictment that alleged an offense beginning on a "date unknown" because "an indictment that specifies an end date is sufficient to apprise defendants of the charges and enable them to prepare a defense"); *United States v. Rawlins*, 606 F.3d 73, 79 (3d Cir. 2010) (finding indictment sufficient where it alleged a conspiracy beginning at "a time unknown"); *United States v. Pease*, 240 F.3d 938, 943 (11th Cir. 2001) (concluding that indictment charging a conspiracy beginning on an "unknown date" was sufficient to inform the defendant of the charges against him). Maxwell argues that in each of these cases, "there were ways to determine a time frame from the indictment, such as overt acts being charged in the same indictment." [Record No. 268, p. 9] It is true that in *Forrester*, the Ninth Circuit stated "uncertainty regarding a conspiracy's beginning and ending dates does not render an indictment fatally defective so long as overt acts alleged in the indictment adequately limit the time frame of the conspiracy." 616 F.3d at 941. However, the court went on to explain that an indictment that "tracks the language of the conspiracy statute, identifies a location and co-conspirators, and alleges the purpose of the conspiracy" is sufficient despite its "semi-discrete

time period."[4] *Id.* Here, as in *Forrester*, the Superseding Indictment's description of the conspiracy adequately limited the time frame at issue.

The conspiracy charges contained in the Superseding Indictment were not deficient despite the open-ended start date. Moreover, as the magistrate judge points out, the United States committed itself to a start date of on or around January 2008 in its bill of particulars and proposed statement of the case. [Record No. 264, p. 6; *see* Record Nos. 43, 109] Therefore, Maxwell's assertion that the Superseding Indictment's failure to allege a specific start date prevented him from preparing his defense or "offering a reliable alibi defense" is unavailing.[5] [Record No. 268, p. 6] This conclusion is supported by Fessler's affidavit, in which he states that he called "several witnesses to talk about the Defendant's whereabouts on particular dates and particular spans of dates." [Record No. 251-1 ¶ 11] A review of the trial transcripts confirms this assertion. [Record No. 219, pp. 71-82 (questioning Chris Shields about Maxwell's whereabouts from December 2007 through May 2008); *id.*, pp. 102-06 (questioning William Johnson regarding same time period); *id.*, pp. 113-16 (questioning Betty Maxwell regarding same time period); *id.*, pp. 123-27 (questioning William James Maxwell, Jr. regarding same time period); *id.*, pp. 135-47 (questioning Teresia Diane Maxwell regarding same time period)] The

---

4       The indictment in *Rawlins* was more specific, detailing "at least fifteen overt acts taken in furtherance of [the] conspiracy, and the approximate date of each." 606 F.3d at 79. Such specificity provides strong support for the sufficiency of the indictment; however, a court may find an indictment sufficient even if it lacks similarly detailed allegations.

5       For the same reasons, the Court finds unpersuasive Maxwell's argument that his trial was "fundamentally unfair" because the United States had "an unlimited time period[] in which to prove the aggravated drug amounts." [Record No. 268, p. 12]

Court thus rejects Maxwell's claim that he received ineffective assistance of counsel because Fessler did not object to the temporal parameters of the Superseding Indictment.

      **B.**      **Charging Structure**

Maxwell also claims that his trial attorney erred by failing to object to the Superseding Indictment's "charging of two conspiracies for the same conduct in Counts One and Two." [Record No. 244, p. 13] He argues that the indictment was multiplicitous — *i.e.*, it improperly charged "the same offense in more than one count of a single indictment," Black's Law Dictionary (9th ed. 2009) — and thus violated double jeopardy principles. The United States counters that "existing case law in effect at the time of the trial supported the bringing of separate indictments for conspiracy to traffic in crack cocaine and conspiracy to traffic in heroin."[6] [Record No. 260, p. 1] Although Magistrate Judge Wier opined that this issue is a "close call," he ultimately concluded that Maxwell has failed to demonstrate that Fessler's decision not to object to the indictment constitutes a violation under *Strickland*. [Record No. 264, p. 8]

As explained above, Counts One and Two of the Superseding Indictment charge conspiracy to distribute certain controlled substances, in violation of 21 U.S.C. § 846. This statute provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the

---

6    The United States also maintains that Maxwell waived this claim because he failed to raise the issue on direct appeal. However, this argument ignores the fact that Maxwell has couched his allegations in the context of a claim for ineffective assistance of trial counsel under *Strickland*. It is well-established that a defendant's "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). The government's argument is, therefore, incorrect.

commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. The two counts allege identical dates, participants, and locations. They only differ with respect to the drug involved in the conspiracy. As a result, Maxwell asserts that the Superseding Indictment alleges a single offense that should have been "charged as one count." [Record No. 268, p. 13]

The magistrate judge first considered the merits of Maxwell's claims under *Braverman v. United States*, 317 U.S. 49 (1942), which considered an indictment that contained multiple counts charging violations of the same conspiracy statute — the predecessor to 18 U.S.C. § 371. In *Braverman*, the Supreme Court rejected the separation of charges based on the various objects of the conspiracy, explaining as follows:

> Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.

317 U.S. at 53. Thus, under *Braverman*, it is improper to charge multiple violations of the same conspiracy statute where there is only one alleged agreement. *See id.* at 54 ("The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute.").

The Sixth Circuit has repeatedly relied on *Braverman* in rejecting duplicity arguments against charges arising under conspiracy statutes, including 21 U.S.C. § 846.[7] In *United States v. Campbell*, 279 F.3d 392 (6th Cir. 2002), the court held that an indictment charging conspiracy

---

7   Duplicity, as opposed to multiplicity — the basis for the claim asserted by Maxwell in this § 2255 motion — occurs when "joining two or more offenses in the same count of an indictment." Black's Law Dictionary (9th ed. 2009).

-9-

to distribute marijuana, cocaine, and crack cocaine in a single count was not duplicitous, explaining that "'[a] single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous.'" *Id.* at 398 (quoting *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999)) (emphasis omitted). Based on this authority, Magistrate Judge Wier logically concluded that "[i]f charging a single § 846 conspiracy to commit multiple controlled substances act crimes is proper . . . then splitting that one conspiracy into multiple charges would spread a singular crime over plural counts, thus violating *Braverman*." [Record No. 264, p. 11] Assuming that this case involved a single conspiracy to distribute two different controlled substances — and there is very little evidence in the record from which to conclude otherwise [*see* Record No. 264, pp. 12-13 (cataloguing United States' descriptions of offense as single conspiracy)] — the Superseding Indictment would appear to be multiplicitous.

However, the Sixth Circuit also rejected a similar multiplicity claim in *United States v. Dunn*, 269 F. App'x 567 (6th Cir. 2008). In *Dunn*, the defendant was charged with two counts of conspiracy: one count for conspiracy to distribute more than 50 grams of cocaine base, and another count for conspiracy to distribute more than 5 kilograms of powder cocaine. *Id.* at 573. The court concluded that this charging structure did not implicate double jeopardy concerns because "[c]harging a defendant with separate counts for different statutory criminal offenses does not violate the multiplicity rule." *Id.* Although he noted the inconsistency between *Dunn* and *Braverman*, Magistrate Judge Wier found that Fessler "may reasonably have viewed *Dunn* as answering the question as to a conspiracy under § 846 involving multiple controlled

substances as trafficking objects."[8] [Record No. 264, p. 16] Therefore, the magistrate judge found that there was no Sixth Amendment violation despite Fessler's failure to object to the structure of the Superseding Indictment.

Maxwell objects to the magistrate judge's conclusion. He repeats many of the same arguments from his § 2255 motion regarding double jeopardy. However, he also asserts that "at no time[] did Fessler state that his research led him to discover *United States v. Dunn*." [Record No. 268, p. 14] Additionally, he points out that it is just as likely that Fessler would have found a case that supported the decision to challenge the Superseding Indictment's charging structure as it was that he would have come across *Dunn* first. [*Id.* (citing *Montgomery v. United States*, 871 F.2d 1088, at *1 (6th Cir. 1989) (table)] Thus, he maintains that Fessler's performance was deficient. Further, he asserts that he was prejudiced by the error under *Rutledge v. United States*, 517 U.S. 292 (1996), because he "has the stigma of two aggravated felony drug convictions when there should be only one." [*Id.*, p. 15]

Due to the nature of Maxwell's § 2255 claims, this issue must be analyzed under the framework established by *Strickland*, not as a separate due process or double jeopardy violation. And the "Sixth Amendment does not require perfect performance but permits a 'wide range of professionally competent assistance,' especially regarding strategic choices made by 'reasonable investigation.'" *Peters v. Chandler*, 292 F. App'x 453, 459 (6th Cir. 2008) (quoting *Strickland*,

---

8   Moreover, the magistrate judge found that because Maxwell could be convicted as a career offender under the Guidelines, it was not unreasonable for Fessler to view the "separate charges as functionally irrelevant to a bottom-line concern of time in custody." [Record No. 264, p. 17] He concluded that *Dunn* could be read to support such an opinion. Indeed, the *Dunn* court opined that the error alleged in that case would not have affected the defendant's substantive rights because the "merger of the first and second [counts]" had no "practical effect" on the sentence. 269 F. App'x at 574.

466 U.S. at 690-91). Here, Fessler has stated that he reviewed the Superseding Indictment, conducted research, and "found no law supporting any Objections and/or Motions to Dismiss the Indictment." [Record No. 251-1 ¶ 9] The Court finds no error in Fessler's decision not to challenge the structure of the Superseding Indictment where there was a rational basis for that course of conduct. At the time of Maxwell's trial, there was Sixth Circuit authority which indicated that the charging structure at issue would pass constitutional muster. Therefore, Fessler's performance was not objectively deficient.[9]

### C. Dual-Role Witnesses

Finally, Maxwell asserts that he received ineffective assistance of counsel with respect to the testimony of government witnesses Matthew Rolfsen of the Northern Kentucky Drug Strike Force and Bill Birkenhauer of the Campbell County Police Department. He maintains that his attorney failed to object to these witnesses testimony "concerning their opinion on seized evidence without being qualified as expert witnesses" and that Fessler erred when he did not request a curative instruction to prevent jury confusion. [Record No. 244, p. 14] The United States counters that proper procedure was followed at trial and that the "record amply demonstrates the qualifications of the two witnesses as to the opinion evidence they offered and justifies the admission of those opinions." [Record No. 251, p. 10] Additionally, it contends that

---

9  Because Maxwell's claim fails on the deficiency prong of *Strickland*, the Court need not address his arguments regarding prejudice. However, the Court notes that Counts One and Two were grouped at sentencing, and this "grouping inure[d] to the benefit of the defendant." [Record No. 226, p. 11] Thus, the Guidelines range would have been the same whether Maxwell was sentenced for one count only, two grouped counts, or as a career offender. [*Id.*, pp. 14-15; *see* Record No. 264, p. 18 n.13]

the jury instruction was adequate to cure any jury confusion created by the "limited opinion evidence" given by Rolfsen and Birkenhauer.[10] [*Id.*]

After reviewing the testimony of both witnesses, Magistrate Judge Wier rejected this claim. The magistrate judge found that both witnesses were qualified to testify as experts on the issues raised at trial. Thus, he concluded that Fessler's decision not to object was a strategic choice that is entitled to deference under *Strickland*. Additionally, Magistrate Judge Wier averred that the jury instructions contained "adequate dual-role protections." [Record No. 264, p. 23] Objecting to these findings, Maxwell argues that "Fessler's failure to object allowed both Rolfsen and Birkenhauer to give both lay and expert testimony without being accepted as expert witnesses," thus allowing them to "enhance their lay testimony." [Record No. 268, p. 23] As a result, he maintains that this testimony violated his due process rights and "rendered the entire proceeding unfair." [*Id.*, p. 24]

The Court concludes that Maxwell's trial attorney did not provide inadequate assistance of counsel by refraining from seeking to qualify these witnesses as experts or objecting to their testimony at trial. Maxwell argues that Rolfsen and Birkenhauer should have been qualified as experts so that his counsel "would have had an opportunity to voir dire them." [Record No. 244, p. 14] However, such a procedure was not necessary and may, in fact, have resulted in the jury placing more emphasis on their testimony than would have occurred otherwise. "When a court

---

10   Both witnesses primarily testified as fact witnesses regarding their investigations into the offenses at issue in this matter. [Record No. 217, pp. 9-39 (Rolfsen); *id.*, pp. 39-77 (Birkenhauer)] In addition, Rolfsen gave opinion testimony regarding "drug ledgers," the use of baggies for packaging drugs, the economics of drug trafficking, the use of disposable phones in drug trafficking, and "cutting agents." [*Id.*, pp. 14-15, 19-20, 25, 29-32] Birkenhauer testified about the purpose and use of line-ups and identification procedures. [*Id.*, pp. 85-869, 106-07]

certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment." *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007) (disapproving practice of court certification of expert witnesses unless considering an objection). As the magistrate judge pointed out, both witnesses were highly qualified and had previously testified as experts in both state and federal cases. Moreover, Fessler "plainly had experience with both witnesses." [Record No. 264, p. 20 (citing Record No. 217, pp. 35, 37, 88)] Thus, his decision not to object may have been a "strategy to avoid elevating [the witnesses'] testimony to expert status before the jury," especially since their testimony was mostly factual in nature. *United States v. Cobbs*, 233 F. App'x 524, 541 (6th Cir. 2007). In short, Fessler's decision not to object to the expert qualifications of Rolfsen or Birkenhauer was a matter of legitimate trial strategy.

Maxwell also argues that Fessler provided inadequate assistance of counsel by failing to ensure the proper safeguards against jury confusion. Maxwell cites *United States v. Lopez-Medina*, 461 F.3d 724 (6th Cir. 2006), in support of this position. However, *Lopez-Medina* does not compel the result urged by Maxwell. In that case, the Sixth Circuit found that it was error for the trial court to allow an agent to testify in a dual capacity where "no instruction on expert witness testimony was given, let alone an instruction on the agents' dual role as fact and expert witnesses." *Id.* at 744. However, the court specifically stated that "[i]n past cases we have permitted an officer's dual testimony as a fact and expert witness when an adequate cautionary jury instruction was provided." *Id.* at 743. And a jury instruction on the weight to be given to opinion testimony is sufficient to safeguard against jury confusion. *Id.* at 743-44; *United States*

*v. Thomas*, 74 F.3d 676, 683 (6th Cir. 1996) (finding no error where trial court allowed dual testimony but gave jury instruction on expert opinion evidence).

The Court finds *United States v. Dodson*, 450 F. App'x 505 (6th Cir. 2011), controlling here. In *Dodson*, the district court allowed a law enforcement officer to testify as both a fact and expert witness, but gave a jury instruction on opinion testimony that was "substantially identical" to Sixth Circuit Criminal Pattern Jury Instruction 7.03. *Id.* at 511. The Sixth Circuit found no error, holding that the district court had sufficiently guarded "'against the risk of confusion inherent when a law enforcement agent testifies as both a fact witness and as an expert witness.'" *Id.* (quoting *Lopez-Medina*, 461 F.3d at 744). Here, as in *Dodson*, the Court gave a jury instruction that tracked the language of Sixth Circuit Criminal Pattern Jury Instruction 7.03 regarding opinion testimony. [Record No. 143, p. 28] Therefore, Maxwell received adequate protections from any potential jury confusion caused by the testimony of Rolfsen and Birkenhauer. Fessler's performance was not deficient and, even if he had erred, his decision not to seek any additional cautionary instructions did not prejudice Maxwell at trial.[11]

### III.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a

---

11  *Lopez-Medina* does not apply "to circumstances in which there were no other evidentiary errors." *United States v. Vasquez*, 560 F.3d 461, 470-71 (6th Cir. 2009). Maxwell has not alleged any additional evidentiary errors in his § 2255 motion. Even if there was error with respect to Rolfsen's and Birkenhauer's dual-role testimony, Maxwell would have to show that it had an "actual effect on the outcome of the case." *Lopez-Medina*, 461 F.3d at 745. In light of the substantial amount of evidence supporting Maxwell's conviction, Maxwell is unable to make such a showing. *See United States v. Shields*, 415 F. App'x 692, 703-04 (6th Cir. 2011) (describing evidence against Maxwell).

petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Maxwell has not made a substantial showing of a denial of a constitutional right with respect to his first and third claims. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

However, the magistrate judge recommended that the Court certify an appeal on Maxwell's second claim. He averred that this claim, "alleging multiplicity and a *Strickland* failure, is fairly debatable." [Record No. 264, p. 24] Thus, he concluded that there is adequate merit to support the issuance of a Certificate of Appealability. The United States objects to this recommendation. It contends that if the Court were to re-sentence Maxwell, it "would likely result in the same total sentence." [*Id.*] Although this may be true, it ignores certain consequences of the prior sentence, such as separate special assessments, potential stigma, and collateral consequences. The United States also argues that *Dunn* provided guidance to trial counsel by "affirming separate convictions for multiple conspiracy counts involving a single conspiracy distributing different controlled substances."[12] [Record No. 265, p. 2] However, for

---

12  The United States acknowledges the inconsistencies between *Dunn* and *Braverman*, but argues that there are "factual distinctions between the cases which may justify" the differing results. [Record No. 265, p. 3] However, the United States fails to identify those distinctions or explain why they would control the disparate outcomes.

the reasons explained above, an attorney who conducted more thorough research into the issue would have reason to doubt the holding in *Dunn*.

The Court will issue a Certificate of Appealability with respect to Maxwell's second claim, concerning the charging structure of the Superseding Indictment. Although this Court has concluded that Fessler did provided competent assistance, another court might view the issue differently, determining instead that Fessler "should have delved deeply enough to uncover a meritorious argument." [Record No. 264, p. 24] In other words, a reasonable jurist could debate the question of Fessler's performance. Maxwell has made a "substantial showing" that his Sixth Amendment right to adequate assistance of counsel was violated when his trial counsel opted not to challenge the Superseding Indictment as multiplicitous.

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of Magistrate Judge Robert E. Wier [Record No. 264] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Lazelle Maxwell's motion to vacate, set aside, or correct his sentence [Record No. 244] is **DENIED**.

3. Maxwell's objections to the Recommended Disposition [Record No. 268] are **OVERRULED**.

4. The United States' objections to the Recommended Disposition [Record No. 265] are **OVERRULED**.

5. This habeas proceeding is **DISMISSED** and **STRICKEN** from the docket.

6. A Certificate of Appealability shall issue regarding Maxwell's second claim. The issue that is certified is "whether Maxwell's trial counsel erred under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to challenge the charges against Maxwell in Counts One and Two of the Superseding Indictment as multiplicitous."

This 4th day of June, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge